UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES C. HOWE,<br><br>             Petitioner,<br><br>       v.<br><br>MARTIN GAMBOA, Warden,<br><br>             Respondent. | No. 2:22-cv-00854-SVW-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On February 4, 2022, Petitioner James C. Howe ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition" or "Pet."). Petitioner previously challenged his 1999 conviction and sentence in at least two federal habeas petitions in the Central District of California: (1) Howe v. Candelaria, Case No. 2:02-cv-07267-DT-CT (C.D. Cal.) ("First Action"); and (2) Howe v. Vasquez, Case No. 2:07-cv-02947-SVW-CT (C.D. Cal.) ("Second Action").[1] The First Action was considered on

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's

the merits and dismissed with prejudice on January 13, 2003. See First Action, Dkt. 15, 17-18. The Second Action was dismissed without prejudice as successive on May 10, 2007. See Second Action, Dkt. 3-4. The instant Petition primarily relates to various aspects of parole consideration, but also appears to challenge Petitioner's 1999 conviction and sentence.

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of the Habeas Rules and finds it is subject to dismissal for the reasons explained below.

## II.
## PETITIONER'S CLAIMS

1. The state courts violated Petitioner's due process rights by "fail[ing] to address" his contention that his status as a non-violent/non-serious offender "should have allowed him parole" and the denial of parole "based solely upon previous convictions" was contrary to current California law. Pet. at 5 (CM/ECF pagination).

2. Petitioner's continued incarceration is "constitutionally excessive" and "grossly disproportionate" under California law, and his "Federal Due Process" rights were violated by "fail[ing] to address" this issue. Pet. at 7, 19.

3. The state courts "erred in fail[ing] to review" Petitioner's contention that the California Department of Corrections and Rehabilitation

---

federal and state court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

("CDCR") failed to review Petitioner's non-violent/non-serious status in a timely manner, which "would have allowed him parole consideration several years sooner." Pet. at 8.

## III.
## DISCUSSION

### A. Petitioner Asserts Non-Cognizable Claims

First, Petitioner's claims are subject to dismissal as all three claims are based on violations of state law. In Ground One, Petitioner contends that the Board of Parole Hearings (the "Board") violated recent California law by considering his prior convictions in concluding that he was not suitable for parole, and the state courts violated his due process rights by failing to address this contention. Pet. at 5, 17.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). However, where "a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." Cooke, 562 U.S. at 220. In the context of parole, the required procedures are minimal. Id. In Cooke, the Supreme Court considered whether California state prisoners' due process rights were violated by parole unsuitability decisions that were not supported by "some evidence." The Supreme Court concluded that, while a state may create "a liberty interest in parole," the existence of such state liberty interest does not give rise to a federal right to be paroled. See id. at 219-20. Rather, due process only requires that the

state furnish an inmate seeking parole with the opportunity to be heard and a statement of the reasons why parole was denied. Id. at 220 (citing Greenholtz, 442 U.S. at 16). Consideration of whether the prisoner was provided these minimal procedural protections is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Id.

  Here, Petitioner does not argue he was denied any of the minimum procedural protections guaranteed by the Due Process Clause. He does not allege he was denied an opportunity to be heard and a statement of the reasons why parole was denied. Instead, the essence of Petitioner's due process claim is that the Board and state courts violated recent California law by failing to release him because his "current conviction" was "a non-violent/non-serious 'wobbler' offense." Pet. at 5. Such claim is not cognizable on federal habeas review.

  A federal court is limited to deciding whether a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal habeas review is not available for alleged errors in state law. See McGuire, 502 U.S. at 67-68; Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified) ("alleged errors in the application of state law are not cognizable in federal habeas corpus"). Although framed as a "due process" violation, Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." See Langford, 110 F.3d at 1389; see also Arnold v. Dir. of Corr.-Rehab., 2010 WL 5608973, at *9 (S.D. Cal. Mar. 24, 2010) (concluding that petitioner's due process claim was not cognizable where the challenge was based on the application of state law), report and recommendation adopted by

2011 WL 176053 (S.D. Cal. Jan. 18, 2011). It is well-established that a "mere error of state law," as alleged here, is not a denial of due process. Cooke, 562 U.S. at 222 (citation omitted); see also Sledge v. Sisto, 473 F. App'x 616, 617 (9th Cir. 2012) (claim that the Board's decision was not supported by some evidence in violation of petitioner's due process rights was foreclosed by Cooke); Johnson v. Sec'y of Cal. Dep't of Corr. & Rehab., 2018 WL 4846530, at *4 n.4 (C.D. Cal. Aug. 2, 2018) (explaining that "challenges to a life sentence based on the Board's failure to set a release date after a prisoner has been incarcerated beyond the suggested range for his offense(s) are not cognizable on federal habeas review"), report and recommendation accepted by 2018 WL 4846921 (C.D. Cal. Oct. 2, 2018).

Ground Two similarly fails to state a cognizable federal habeas claim. In Ground Two, Petitioner argues that, after the Board denied parole, his indeterminate life sentence became "constitutionally excessive" pursuant to In re Palmer, 10 Cal. 5th 959 (2021) and "grossly disproportionate" pursuant to In re Lynch, 8 Cal. 3d 410 (1972) and In re Foss, 10 Cal. 3d 910 (1974). He contends that the state courts violated "Federal Due Process" by failing to address this issue, and cites the Fourteenth and Eighth Amendments. Pet. at 7, 18-19. Again, the Court cannot provide Petitioner with relief to the extent his continued incarceration violates state law because, as explained, federal habeas relief is only available on the ground that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's challenge to the state courts' failure to grant him relief under California law involves solely the application and/or interpretation of state law and consequently, is not cognizable on federal habeas review. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions'" (quoting McGuire, 502 U.S. at

67-68)); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process." (internal quotation marks and citation omitted)); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").

Petitioner has not otherwise stated an Eighth or Fourteenth Amendment violation. As noted, Petitioner does not appear to allege that he was denied the minimum procedural protections guaranteed by the Due Process Clause. As to the Eighth Amendment, Petitioner does not cite, and the Court is not aware of, any clearly established federal law holding that, for inmates serving indeterminate life sentences, continued confinement following a denial of release on parole may violate the Eighth Amendment. On federal habeas review, where, as here, the indeterminate life sentence is itself constitutional, "it cannot be found to be unconstitutional simply on the basis that the petitioner is forced to remain incarcerated until the expiration of the term of imprisonment." Navarro v. Gipson, 2021 WL 4263171, at *2 (C.D. Cal. Sept. 20, 2021).[2] Accordingly, because Petitioner is serving an indeterminate sentence of 25 years to life (see Pet. at 1) and has no federal constitutional right to release before completion of that sentence, Petitioner's continued incarceration following the denial of parole does not implicate the Eighth Amendment. See, e.g., Navarro, 2021 WL 4263171, at *2; Brooks v. Borders, 2018 WL 5098858, at *3 (C.D. Cal. Feb. 13, 2018) (finding no cognizable claim where the petitioner alleged that parole denial was "tantamount to cruel and unusual punishment in violation of the Eighth Amendment"), report and recommendation accepted by 2018 WL 5095159 (C.D. Cal. Oct. 17, 2018);

---

[2] As explained below, Petitioner previously asserted an Eighth Amendment challenge in his First Action, which was rejected on the merits.

Molina v. Valenzuela, 2014 WL 4748308, at *3 (C.D. Cal. Sept. 23, 2014) (rejecting Eighth Amendment challenge based on a parole denial as not cognizable and noting that "[i]t has been repeatedly held that a denial of parole from an underlying valid sentence does not implicate the Eighth Amendment").

Likewise, Ground Three solely involves the application of state law. In Ground Three, Petitioner contends that the state courts erred in failing to review his contention that "CDCR failed to review Petitioner's non-violent/non-serious status in a timely manner" as mandated by California Propositions 36 and 57. Pet. at 8, 20. Petitioner's claim in Ground Three based on Propositions 36 and 57 is exclusively a matter of state law and implicates no federal right. Again, Petitioner cannot "transform a state-law issue into a federal one" simply by citing the Fourteenth Amendment. Langford, 110 F.3d at 1389. Ground Three is not cognizable on federal habeas review.[3] McKinley v. Warden, 2019 WL 5431872, at *2 (C.D. Cal. Aug. 19, 2019) (to the extent petitioner alleged state courts misinterpreted state law in determining that he was not entitled to the parole provisions afforded to nonviolent prisoners under Proposition 57, this claim was not cognizable), findings and recommendation accepted by 2019 WL 5424413 (C.D. Cal. Oct. 21, 2019); Pena Acevedo v. Sec'y of Corr., 2019 WL 2030152, at *5 (C.D. Cal. Mar. 28, 2019) ("courts within the Ninth Circuit have consistently held that whether an inmate is eligible for resentencing under Proposition 36 is a state-law question that

---

[3] It also appears this claim does not implicate the fact or duration of Petitioner's confinement and as such, may not be pursued in a Section 2254 petition. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Petitioner contends that a timely review of his non-violent/non-serious offender status "would have allowed him parole consideration several years sooner[.]" Pet. at 8, 20. Success on this claim "would not necessarily lead to immediate or speedier release" from confinement, and consequently, it does not fall within "the core of habeas corpus" and must be pursued under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 934-35.

presents no cognizable federal claim on habeas review."), <u>findings and recommendations accepted by</u> 2019 WL 2027590 (C.D. Cal. May 6, 2019); <u>Alford v. Doe</u>, 2018 WL 1896533, at *1 (C.D. Cal. Apr. 18, 2018) (Proposition 57 claim was not cognizable on federal habeas review).

**B.     The Petition is Unexhausted**

Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless the petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979); <u>see also</u> <u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (per curiam); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971); <u>Greenway v. Schriro</u>, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. <u>See, e.g.</u>, <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner indicates that he raised each of his claims in the California Supreme Court on habeas review, and the state supreme court denied the petition "on procedural grounds, not on merits of case." Pet. at 4-5, 17-20 (referencing Case No. S270685). A review of the state supreme court's online docket reflects that Petitioner's habeas petition was denied on November 17, 2021 with citation to <u>People v. Duvall</u>, 9 Cal. 4th 464, 474

(1995) on the ground that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence." Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov. As Petitioner acknowledges, the state supreme court's citation to Duvall indicates that his state habeas petition was procedurally deficient. See Sanchez v. Scribner, 428 F. App'x 742, 742 (9th Cir. 2011) (affirming dismissal of petitioner's habeas petition for failure to exhaust state remedies where the state habeas petition was denied under Duvall, In re Wessley W., 125 Cal. App. 3d 240 (1981) (as modified), and In re Swain, 34 Cal. 2d 300 (1949)); Dilley v. Kernan, 2021 WL 3622154, at *3 (C.D. Cal. July 15, 2021) (because a denial under Duvall allows the petitioner to file an amended petition attaching the missing documentary evidence, "federal courts generally conclude that such a denial fails to exhaust a claim for purposes of federal habeas review"), report and recommendation accepted by 2021 WL 3618045 (C.D. Cal. Aug. 16, 2021). Because Petitioner's state habeas petition was denied on procedural grounds and not considered on the merits, Petitioner has not exhausted his state court remedies. As a result, the Petition is entirely unexhausted, rendering it subject to dismissal.

**C.     The Court Lacks Jurisdiction to Consider A Challenge to the Sentence Imposed in 1999**

Additionally, to the extent Ground Two can be construed as an attempt by Petitioner to directly attack the underlying sentence itself on the theory that it violates the Eighth Amendment, this claim has already been considered and rejected on federal habeas review. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Woodford v. Garceau, 538 U.S. 202, 204, 207 (2003). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656,

661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274

(9th Cir. 2001) (per curiam). Thus, even if the petitioner qualifies for an exception to the AEDPA's bar on claims raised in successive petitions, he must still receive authorization from the Ninth Circuit before filing a petition in the district court. See 28 U.S.C. § 2244(b)(3)(A); Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

As noted, Petitioner previously challenged his 1999 conviction in at least two habeas petitions filed in the Central District of California. In his First Action, Petitioner asserted that his sentence of 25 years to life violated the Eighth Amendment. First Action, Dkt. 15 at 3. Judgment was entered on January 13, 2003, denying the petition on the merits and dismissing the First Action with prejudice. Id., Dkt. 15, 17-18. Nothing in the record demonstrates that Petitioner has obtained the requisite authorization from the Ninth Circuit to file a second and/or successive petition challenging the sentence imposed in 1999 and Petitioner does not claim he sought or received such authorization. Under these circumstances, to the extent Petitioner seeks to reassert his Eighth Amendment challenge, such claim must be rejected as an unauthorized successive claim. See Burton, 549 U.S. at 157.[4]

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response by **no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual

---

[4] Any claim alleging that Petitioner's sentence, when imposed, violated the Eighth Amendment likely also would be time-barred under the one-year limitations period for filing a habeas petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1).

reasons why the Petition should not be dismissed.

Alternatively, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Form Notice of Dismissal with this Order.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: March 01, 2022

JOHN D. EARLY
United States Magistrate Judge